# In the United States Court of Federal Claims

No. 13-859 C

(Filed July 13, 2016)

**UNPUBLISHED**

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| MAGNUS PACIFIC CORP., | * | |
| | * | RCFC 15(a)(2); Amendment of |
| *Plaintiff*, | * | Answer to Bring Counterclaim; |
| | * | Jurisdiction Exists for One |
| v. | * | Portion of Proposed |
| | * | Counterclaim; No Undue Delay; |
| THE UNITED STATES, | * | No Undue Prejudice. |
| | * | |
| *Defendant*. | * | |
| * * * * * * * * * * * * * | * | |

*Daniel L. Baxter*, Sacramento, CA, for plaintiff.

*A. Bondurant Eley*, United States Department of Justice, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Martin F. Hockey, Jr.*, Assistant Director, *Reta E. Bezak*, Trial Attorney, Washington, DC, for defendant.

_____

**OPINION**
_____

**Bush**, *Senior Judge*.

On June 10, 2016, defendant filed an opposed Motion for Leave of Court to File Amended Answer with Counterclaim. This motion has been fully briefed on an expedited basis. *See* Order of June 13, 2016. The court also solicited oral

argument on the motion, but only on a jurisdictional issue the court raised *sua sponte*. *See* Order of June 28, 2016. For the reasons stated below, defendant's motion is granted in part and denied in part.

Defendant's motion is brought under Rule 15(a)(2) of the Rules of the United States Court of Federal Claims (RCFC). The rule states that "[t]he court should freely give leave [to amend a pleading] when justice so requires." *Id.* Leave to amend a pleading should not be granted, however, when the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment of an answer to include a counterclaim outside of this court's jurisdiction would be a futility. *See, e.g.*, *Shell Oil Co. v. United States*, 123 Fed. Cl. 707, 727 (2015) (denying the government's motion for leave to amend its answer, in part, because the proposed counterclaim was barred by this court's jurisdictional statute of limitations); *Joseph Morton Co. v. United States*, 3 Cl. Ct. 780, 782-83 (1983) (considering whether the government's proposed counterclaim was within this court's jurisdiction), *aff'd*, 757 F.2d 1273 (Fed. Cir. 1985). Leave to amend may also be denied for reasons of undue delay or undue prejudice. *Foman*, 371 U.S. at 182.

I. **Jurisdictional Inquiry**

Defendant's proposed counterclaim has two distinct parts: (1) a government claim for $466,092 retained by the contracting officer related to Contract Modification M004; (2) a government claim for an additional sum of $279,448 related to Contract Modification M004. Proposed Amended Answer ¶¶ 55-56. For the sake of clarity, the court refers to the $466,092 portion of the government's proposed counterclaim as the 'retainage claim.' The $279,448 portion of the government's proposed counterclaim can be succinctly described as the 'recalculation claim.' Because this court's jurisdiction over the distinct portions of the government's proposed counterclaim was in doubt, the court raised its jurisdictional concern *sua sponte*. *See Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) ("A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt.") (citation omitted). The government bears the burden of establishing jurisdiction over its proposed counterclaim. *See, e.g.*, *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991) ("A party seeking the exercise of jurisdiction in its favor has the burden of establishing that such jurisdiction exists." (citing *KVOS, Inc. v. Associated Press*,

299 U.S. 269, 278 (1936))).

### A. The Retainage Portion of the Government's Proposed Counterclaim

For this court to take jurisdiction over a government counterclaim under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. § 7103(a)(3) (2012), the government's claim must have been the subject of a contracting officer's final decision. *See, e.g.*, *Sharman Co. v. United States*, 2 F.3d 1564, 1568 (Fed. Cir. 1993) ("Under the CDA, a final decision by the contracting officer on a claim, whether asserted by the contractor or the government, is a jurisdictional prerequisite to further legal action thereon.") (citations and footnotes omitted), *overruled on other grounds by Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995); *Joseph Morton Co. v. United States*, 757 F.2d 1273, 1279 (Fed. Cir. 1985) ("[I]f the CDA applies, the Government's counterclaims against [the contractor] must be subject to a decision by a CO before the Government can assert them in the Claims Court."). The retainage claim was the subject of a contracting officer final decision, on January 13, 2014, before the retainage issue became a part of this litigation.[1] *See* Def.'s In Limine Mot. Corrected App. at 253-54; *see also* Am. Compl. of Jan. 29, 2014, at 8. The retainage claim, therefore, satisfies the jurisdictional presentment requirement of the CDA.

The cases invoked by plaintiff at oral argument, *Sharman* and *Volmar Constr., Inc. v. United States*, 32 Fed. Cl. 746 (1995), involved factual scenarios where a contracting officer's final decision on the government's claim did not occur before litigation of that same claim (or a mirror-image claim brought by the contractor) commenced in this court. These cases, therefore, are inapposite to the jurisdictional analysis required for defendant's retainage claim. The court sees no jurisdictional impediment to the retainage portion of the government's proposed counterclaim.

### B. The Recalculation Portion of the Government's Proposed

---

[1]/ According to government counsel, a contract modification addressing the contracting officer's final decision regarding the retainage was never issued, although the draft contract modification document (M009) appears to have been relied upon by defendant's expert. *See* Def.'s Witness List Corrected App. at 57, 190-96.

**Counterclaim**

Such is not the case for the recalculation claim. The government's recalculation claim for $279,448 arose during the litigation of this case when a government expert reviewed various costs related to Contract Modification M004. Def.'s Mot. at 2. There is no record of a review or of a final decision of the contracting officer on the recalculation claim. Indeed, the recalculation claim differs from the final decision of the contracting officer expressed in his decision issued January 13, 2014 which stated that Contract Line Item Number 001 (CLIN 001) should be reduced by $466,092 for changes effected by Contract Modification M004. The recalculation claim, instead, alleges that CLIN 001 should have been reduced by an additional $279,448, for a total reduction to CLIN 001 of $745,540 for changes effected by Contract Modification M004.

The court concludes that the contracting officer was not presented with, and never ruled on, the government's recalculation claim for $279,448.[2] Because the contracting officer was never presented with the recalculation claim, and never issued a final decision on the government's recalculation claim, this court has no jurisdiction over the recalculation claim portion of the government's proposed counterclaim. In these circumstances, amendment of the government's answer to include the recalculation claim portion of the government's proposed counterclaim would be futile.

The government's recalculation claim, likewise, fails to fall within the mirror-image exception to the presentment requirement. This court has long held that government CDA counterclaims that are not the subject of a contracting officer's final decision cannot proceed unless they are, at a minimum, the mirror image of a contractor claim denied by the contracting officer. *E.g.*, *Blinderman Constr. Co. v. United States*, 39 Fed. Cl. 529, 557-61 (1997), *aff'd*, 178 F.3d 1307 (Fed. Cir. 1998) (table); *Kit San Azusa, J.V. v. United States*, 32 Fed. Cl. 647,

---

[2]/ Even if the contracting officer were now to be presented with the recalculation claim, his ability to issue a valid final decision on such a claim would be precluded by the *Sharman* doctrine. *See, e.g.*, *Sharman*, 2 F.3d at 1571 ("Once a claim is in litigation, the Department of Justice gains exclusive authority to act in the pending litigation [and] [t]hat exclusive authority divests the contracting officer of his authority to issue a final decision on the claim.") (citations omitted). The amount due plaintiff under CLIN 001 and Contract Modificiation M004 has been in litigation since January 29, 2014.

4

663-64 (1995), *aff'd in relevant part*, 86 F.3d 1175 (Fed. Cir. 1996).  In *Kit San Azusa*, this court, relying on *Sharman* and *Placeway Constr. Corp. v. United States*, 920 F.2d 903 (Fed. Cir. 1990), allowed a government counterclaim to proceed even though the government's claim for liquidated damages had not been the subject of a contracting officer's final decision.  The exception to the presentment requirement, however, was narrowly construed.

The court commented, first, that the United States Court of Appeals for the Federal Circuit "has allowed the Government to litigate set-offs and 'mirror-image' claims even in the absence of a direct decision by the CO." *Kit San Azusa*, 32 Fed. Cl. at 663 (citing *Placeway*, 920 F.2d at 906-07).  There, the court opined that the Federal Circuit, in effect, deemed the contracting officer's retainage of a portion of the contract price to be a decision on the government's claim for those funds.  *Id.* at 663-64.  The court also interpreted *Sharman* to permit both the contractor's and government's mirror-image claims to proceed as long as one of the mirror-image claims had been "decided" by the contracting officer.  *Id.* at 664 (citing *Sharman*, 2 F.3d at 1570).

The *Kit San Azusa* court limited the government's counterclaim, however, to the amount of the retainage determined by the contracting officer.  32 Fed. Cl. at 664.  The court stated that

> to the extent that the Government's assessed liquidated damages do not exceed the amount of the retainage, the Government may litigate them here [as a counterclaim].  The Government, however, is precluded from recovering liquidated damages over and above the amount of the retainage because no CO decision, actual or constructive, exists regarding that portion of its liquidated damages offset; that is, to the extent that the Government's liquidated damages offset exceeds the retainage, it cannot be held to be the mirror image of [the contractor's] claim to recover the retainage.

*Id.*  *Kit San Azusa* is the case most on point and guides the court's decision in this matter.

Following *Sharman, Placeway* and *Kit San Azusa*, the government's recalculation claim portion of its proposed counterclaim cannot proceed in this court. The recalculation portion of the government's proposed counterclaim has not satisfied the presentment requirement of the CDA. The court therefore lacks jurisdiction over the recalculation claim for $279,448. Because this portion of the proposed counterclaim is futile, defendant's motion to amend its answer must therefore be denied as to the recalculation claim portion of the proposed counterclaim.[3]

At oral argument, government counsel asserted that this court possesses jurisdiction over the recalculation claim because the recalculation claim presents only a "math problem" or an issue of "quantum." No authority was presented in support of this contention. The court is not convinced by this cursory reference that the proposed recalculation counterclaim for $279,448 can be analogized to a claim or counterclaim for which the quantum is adjusted slightly during litigation.

Indeed, the entire basis for the proposed alteration of the contracting officer's quantum determination rests upon the government expert's disagreement with the contracting officer's original assessment:

> Based on my review of the contract modifications and correspondence related to the Second Complaint for Action and my own volume estimates, the Mod 9 $466,092 credit is less than the credit that should be expected for the reduced scope of work on the Project
> . . . .

Def.'s Mot Ex. B, at 32-33. What follows that statement is a detailed explanation and analysis supporting exactly how the government's expert arrived at his determination that the contracting officer's withholding from Magnus Pacific was insufficient. *Id.* at 33-34. The expert's analysis and rationale for the proposed increase in quantum, as presented, is a drastic departure from that issued by the contracting officer and is not simply a mathematical adjustment. To characterize

---

[3]/ The court need not reach plaintiff's arguments that the recalculation portion of the government's proposed counterclaim is barred because of undue delay and undue prejudice to Magnus Pacific.

the requested modification as a mere math adjustment would, in effect, supplant the contracting officer's determination with that of the government expert - a result neither contemplated nor permitted under the CDA.

The government's proposed counterclaim demonstrates that the contracting officer's final decision of January 13, 2014 must be radically and fundamentally altered to arrive at the $279,448 figure for the recalculation claim. *See* Proposed Amended Answer ¶¶ 47-54. The recalculation claim cannot be characterized as a mere "math problem" to permit inclusion of the proposed recalculation claim in the government's amended answer. The government's motion must therefore be denied in this regard.

Government counsel's sole comment on *Kit San Azusa* at oral argument was that the case provides only persuasive authority. The court finds that *Kit San Azusa* is persuasive where, correctly following binding precedent, it limited a government counterclaim before this court to the amount retained by the contracting officer. The government in this case has not met its burden to show that the court has jurisdiction under the CDA for the recalculation portion of its proposed counterclaim.

## II. Plaintiff's Challenge to Defendant's Retainage Claim

Very little of plaintiff's opposition brief is devoted specifically to the government's retainage claim. The court reproduces the relevant portion of the paragraph plaintiff devotes to this topic:

> [W]hile it is true that Magnus Pacific has at all times been on notice of the Government's "inten[t] to retain" the $466,092.00 referenced in the First Amended Complaint and answer thereto, that "retention" issue is already fully joined via those pleadings. In that regard, Magnus Pacific alleges an entitlement to $431,056.00 in its Second Cause of Action, which is the difference between the $466,092.00 credit claimed by the Government and the $35,036.00 credit that Magnus Pacific contends was proper. (First Amended Complaint at ¶¶ 20 and 27.) Those allegations were denied by the

> Government. (Answer to First Amended Complaint, at
> ¶¶ 20 and 27.) Accordingly, as to the parties' dispute
> over this credit, a counterclaim is neither necessary nor
> appropriate to preserve the Government's right to argue
> the relevant issues.

Pl.'s Opp. at 3. Plaintiff cites no authority whereby this court may deny a motion to amend an answer to present a counterclaim merely because, in the plaintiff's view, the counterclaim is "neither necessary nor appropriate."[4] *Id.*

Because plaintiff concedes that the issue of the government's right to the retainage of $466,092 has been "fully joined" since early 2014, the court cannot deny the government the opportunity to formally state its well-established litigation position via a counterclaim. Discovery has necessarily encompassed both the scope of the government's retainage counterclaim and the scope of plaintiff's claim for virtually the same amount of money.

Further, the court does not view the government's delay in formulating its retainage counterclaim as "undue." Certainly this counterclaim could have been proposed earlier in the parties' pretrial preparations. Many attorneys, however, revise their initial understanding of a case when an approaching trial deadline forces them to closely examine the strengths and weaknesses of their evidence and arguments. The portion of the government's motion asserting its right to bring its retainage counterclaim, while somewhat delayed, was not unduly delayed in the context of these proceedings.

As for "undue prejudice," the parties have had adequate time to prepare their cases with respect to the $466,092 retained by the contracting officer. Plaintiff does not argue, and cannot argue, that Magnus Pacific has not had a full chance to prepare its arguments on this issue. *See* Pl.'s Opp. at 3 (stating that the "'retention' issue is already fully joined"). Nor has plaintiff explained how Magnus Pacific would be unduly prejudiced by the transformation of the government's defense of the almost entirely contested $466,092 retainage into a counterclaim which seeks to validate that retainage.

---

[4]/ At oral argument, plaintiff renewed its contention that no retainage counterclaim is necessary to protect money that the government already possesses.

Plaintiff nonetheless argues, without explanation, that the retainage counterclaim is unnecessary and inappropriate. *Id.* Defendant appears to acknowledge that the necessity of its counterclaim is uncertain. *See* Def.'s Mot. at 2 (stating that the retainage portion of the counterclaim is proposed "in an abundance of caution and in the absence of legal precedent in the area"); Def.'s Reply at 7 n.2 ("[T]the Government has sought leave to amend its answer to the extent that the Government's retention of funds in connection with a credit might be construed to be in the nature of an affirmative claim in an abundance of caution, given the absence of definitive law in the area."). Although the government might achieve the same result in this litigation with or without the retainage counterclaim, in the court's view this not a sufficient reason to deny defendant's motion. Because no persuasive reason to deny defendant's request to bring its retainage counterclaim has been proffered by plaintiff, leave to amend the government's answer to bring the retainage counterclaim must be freely given.

**III. Conclusion**

Accordingly, it is hereby **ORDERED** that

(1) Defendant's Motion for Leave of Court to File Amended Answer with Counterclaim, filed June 10, 2016, is **GRANTED in part**, as to the retainage counterclaim, and **DENIED in part**, as to the recalculation counterclaim, as stated in this order;

(2) Defendant shall **FILE** an **Amended Answer and (Retainage) Counterclaim**, on or before **July 20, 2016**;[5]

(3) Defendant's Amended Answer and (Retainage) Counterclaim **SHALL NOT INCLUDE** any recalculation counterclaim or the following paragraphs of its proposed amended answer filed June 10, 2016: ¶¶ 47-54, 56, and the second and third sentences of ¶ 36; and,

---

[5]/ The court notes that there is a typographical error in the proposed amended answer and counterclaim filed June 10, 2016. The date noted in ¶ 42 of the proposed amended answer is listed elsewhere as January 13, 2014, not January 31, 2014. *See, e.g.*, Def.'s In Limine Mot. Corrected App. at 253. Defendant should correct this typographical error in its Amended Answer and (Retainage) Counterclaim.

(4)  Plaintiff's **Answer to Defendant's (Retainage) Counterclaim** shall be **FILED** on or before **July 29, 2016**.

/s/Lynn J. Bush  
LYNN J. BUSH  
Senior Judge